UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————————

WILLIE B. JONES,

        Plaintiff,

v.

        Case No.  1:10-CV-635

STEPHEN B. MILLER, Judge of the
37th Judicial Circuit Court for Calhoun
County in his Individual Capacity

        HON. GORDON J. QUIST

        Defendant.

———————————————————/

## OPINION

        Plaintiff, Willie B. Jones, a frequent filer in this Court, filed a complaint pursuant to 42 U.S.C. § 1983 against Defendant, Stephen B. Miller, the judge who presided over the state criminal proceeding in which Jones was convicted of third-degree criminal sexual conduct and sentenced to a term of three to fifteen years.  The basis of Jones' complaint against Judge Miller is not clear.  In the first two pages of his Complaint, Jones recounts the details of his October 11, 1985, arrest by Detective Elwood Priess and the subsequent interrogation and one-man lineup to which he was subjected.  The next four pages contain incoherent legal ramblings regarding the United States Constitution, the Uniform Commercial Code, and the "Yamassee Tribe of Native Americans, United Nuwaubian Nation of Moors."  From what the Court can ascertain, however, Jones claims that Judge Miller acted without jurisdiction and that his criminal conviction is invalid because Jones is a member of the Nation of Yamassee Tribe of Native Americans, United nation of Moors.

        In his prayer for relief, Jones requests that "the Court [] issue the proper UCC Liens on defendant Miller's assets, including his bonding agents, insurers, savings accounts, checking accounts, IRA accounts, debit and credit card account, auto's [sic], property, until this matter is

resolved." In addition, Jones requests the Court to enter a judgment declaring that Judge Miller's actions were unconstitutional and setting aside his conviction. Finally, Jones requests punitive and compensatory damages, including damages for mental anguish and pain and suffering.

Judge Miller has moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6) for lack of jurisdiction and failure to state a claim. Among other things, Judge Miller argues that he is absolutely immune from suit. Jones has failed to respond to the motion.

It is a well-established rule that judges are generally absolutely immune from civil suits for money damages based upon acts performed in the exercise of judicial authority. *Mireles v. Waco*, 502 U.S. 9, 9-10, 112 S. Ct. 286, 287 (1991) (per curiam). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Id.* at 11, 112 S. Ct. at 288. Judicial "immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights." *Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001). Judicial immunity has two exceptions: (1) where the judge's alleged actions were not taken in the judge's judicial capacity; and (2) where the actions, although judicial in nature, were taken in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 11-12, 112 S. Ct. at 288. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is he immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 1105 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)) (footnote omitted).

Although Jones' allegations against Judge Miller are sparse, it is clear that Jones complains of acts he took while serving in his judicial capacity and while properly exercising jurisdiction over Jones' criminal case. Furthermore, nothing in Jones' Complaint even suggests that Judge Miller

acted in the clear absence of all jurisdiction. Thus, Jones' claim is subject to dismissal on the basis of absolute judicial immunity.

Jones' claim is also subject to dismissal because it is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In *Heck*, the Supreme Court held that a plaintiff who seeks damages based upon an unlawful conviction or other conduct which, if established, would render the conviction or sentence invalid, must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87, 114 S. Ct. at 2372.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to suit.

*Id.* at 487, 114 S. Ct. at 2372-73 (footnotes omitted).

As noted above, Jones requests that the Court enter a judgment declaring that his conviction was obtained in violation of the constitution and setting aside his conviction. Given Jones' request, his claim is barred by *Heck*, which constitutes an independent ground for dismissal.

Therefore, the Court will grant Judge Miller's Motion to Dismiss.

An Order Consistent with this Opinion will be entered.


Dated:  December 7, 2010                          _____/s/ Gordon J. Quist_____
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE